IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MULLINS,

    Plaintiff,

v.                                                                          No. 23-cv-00563-KWR-GBW

FNU PERRY, FNU SANCHEZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on Plaintiff James Mullins' Amended Prisoner's Complaint for Violation of Civil Rights, filed August 21, 2023. (Doc. 2) (the "Complaint"). Plaintiff is incarcerated and proceeding pro se. He claims that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him access to a toilet during the final twenty minutes of outdoor recreation, causing him to soil himself. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to amend.

I.    Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true.

Plaintiff alleges that during outdoor recreation on an afternoon in April 2023, he had a sudden urge to use the bathroom. (Doc. 2 at 6). There are no bathrooms or water in the recreation yard. (Id.). Plaintiff notified FNU Sergeant Perry that he needed urgently to use the bathroom to

avoid having "an accident." (Id.). Sergeant Perry allegedly told Plaintiff to hold it for twenty more minutes, which apparently was the length of time remaining in the outdoor recreation schedule and refused to let Plaintiff inside to use the bathroom. (Id.). Plaintiff, unable to wait for the bathroom, defecated on himself, soiling his clothing. (Id.). There were several people around Plaintiff when this happened, and Plaintiff was humiliated. (Id.). Plaintiff was unable to clean himself until outdoor recreation was over. (Id.). After the incident, FNU Lieutenant Sanchez called Plaintiff into his office and allegedly threatened Plaintiff with a biohazard disciplinary report for not using the bathroom before he went outside for recreation. (Id.).

Based on the foregoing, Plaintiff claims that Sergeant Perry and Lieutenant Sanchez were aware of, and remained deliberately indifferent to his situation, thus violating his Eighth Amendment right to be free from cruel and unusual punishment. (Id.).

II.   <u>Analysis.</u>

   A.   <u>Standard of Review</u>.

As Plaintiff is proceeding *pro se* in this civil action against prison officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is pro se, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

B. Pleading Standards Governing a § 1983 Claim.

Plaintiff seeks to state claims under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

C. The Complaint Does Not State a Viable Eight Amendment Claim Against Defendants.

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To hold

3

prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met. First, the deprivation alleged must be "objectively sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, the officials must have a "sufficiently culpable state of mind," meaning that the officials must exhibit "deliberate indifference" to a substantial risk of serious harm to the inmate. *Id.*

To qualify as "objectively sufficiently serious" to violate the Eighth Amendment, prison conditions must be "more than uncomfortable," *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir.2001), and rise to the level of "posing a substantial risk of serious harm" to plaintiff. *Farmer*, 511 U.S. at 834; *Rhodes*, 452 U.S. 337, 347 (1981) (The Eighth Amendment "does not mandate comfortable prisons"; the conditions imposed may be "restrictive and even harsh."). The inquiry requires consideration of the "circumstances, nature and duration of the challenged conditions" *DeSpain*, 264 F.3d at 974 (internal quotation marks and citation omitted). The seriousness of the alleged deprivation is measured by its severity and duration, such that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while "substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration." *DeSpain*, 264 F.3d at 974.

There are circumstances in which the denial of access to toilet facilities and forced exposure to human waste have been held to violate the Eighth Amendment. *See, e.g., Howard v. Wheaton*, 668 F.Supp. 1140, 1141-43 (N. D. Ill. 1987) (confining a prisoner for thirteen days in a cell without a functioning toilet where human waste accumulated, causing unsanitary conditions violated Eighth Amendment); *DeSpain*, 264 F.3d at 974 ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more

4

general standards of dignity embodied in the Eighth Amendment."); *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir.2001) (finding "sufficiently serious" conditions where inmate was detained in feces-covered cell for three days); *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir.1990) ("[C]ourts have been especially cautious about condoning conditions that include an inmate's proximity to human waste...."); *Michaud v. Sheriff of Essex County*, 390 Mass. 523 (1983) (collecting cases showing "an intolerance for confinement which requires persons to live in close proximity to their own human waste and that of others.").

Conversely, "toilets can be unavailable for some period of time without violating the Eighth Amendment[.]" *DeSpain*, 264 F.3d at 974; Barnes v. Wiley, 203 F. App'x 939, 941 (10th Cir. 2006) (cases in which exposure to human waste has been deemed sufficiently serious to satisfy the objective component of an Eighth Amendment claim have involved the total denial of facilities or inoperative facilities for multiple days); *see Ross v. Williams*, No. CIV. 06-0867 RB/RLP, 2007 WL 9729207, at *2 (D.N.M. Sept. 27, 2007) ("[H]aving to wait two or more hours at a time to use [toilet] facilities during a prison lockdown does not violate the Eighth Amendment"); *Trevino v. Jones*, 2007 WL 710213, *8 (N.D. Okla. 2007) (Allowing two bathroom breaks during an eight-hour shift outside does not violate the Eighth Amendment); *Peel v. Turner*, No. 07-CV-0072-CVEPJC, 2007 WL 4571114, at *4 (N.D. Okla. Dec. 27, 2007) (holding that a single instance in which prison officials denied an inmate access to a toilet, causing him to defecate on himself did not violate the Eighth Amendment).

Considering the relevant precedent, the allegations in the Complaint do not rise to the level of an objectively sufficiently serious deprivation of sanitary conditions to support an Eighth Amendment claim. Though it may have been harsh to deprive Plaintiff access to a toilet when he urgently needed one, it was not, in the circumstances set forth in the Complaint, unconstitutional.

*Rhodes*, 452 U.S. at 347 (Prison conditions may be "restrictive and even harsh" without violating the Eighth Amendment). Rather, the Plaintiff alleges a brief, isolated incident involving an uncomfortable and unsanitary condition, apparently lasting about twenty minutes before he was allowed to access a bathroom and shower. The condition was not so substantial or prolonged that it supports a viable Eighth Amendment claim. *DeSpain*, 264 F.3d at 974 ("For example, a filthy overcrowded cell and a diet of grue might be tolerable for a few days an intolerably cruel for weeks or months.")

Nor do Plaintiff's allegations satisfy the subjective component of an Eighth Amendment claim. Plaintiff's allegation that Sergeant Perry knew that Plaintiff urgently needed a bathroom but forced Plaintiff to "hold it" for twenty minutes is not in the nature of a state of mind of deliberate indifference to a substantial risk of serious harm exemplified in Eighth Amendment jurisprudence. The standard requires showing, in part, that the prison official was aware of facts creating an "excessive risk to inmate health or safety" or a "substantial risk of serious harm." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009). The risk of which Sergeant Perry was allegedly aware, *i.e.*, that Plaintiff might soil himself if he did not use the bathroom before twenty minutes passed, does not rise to that level. Plaintiff's allegation that Lieutenant Sanchez threatened him with disciplinary action also does not implicate Eighth Amendment protections. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 ("[T]hreats and verbal taunts do not violate the Eighth Amendment.").

III. <u>Plaintiff May File an Amended Complaint.</u>

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109.

6

Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

**IT IS ORDERED:**

(1)  Each of the claims set forth in the Amended Complaint **(Doc. 2)** are **DISMISSED** without prejudice.

(2)  Plaintiff is granted leave to file a second amended complaint within thirty days of the entry of this Memorandum Opinion and Order. If Plaintiff does not timely file a second amended complaint, this case may be dismissed without further notice.

_/s/ KEA W. RIGGS_
UNITED STATES DISTRICT JUDGE