IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MULLINS,

    Plaintiff,

v.                                                                                           No. 23-cv-00563-KWR-GBW

FNU PERRY, FNU SANCHEZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court following Plaintiff James Mullins' failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding pro se. In his original Plaintiff claimed that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him access to a toilet during the final twenty minutes of outdoor recreation, causing him to soil himself. (Doc. 2) (the "Complaint").

Specifically, Plaintiff alleged that during outdoor recreation on an afternoon in April 2023, he urgently needed to use the bathroom. (Doc. 2 at 6). There are no bathrooms or water in the recreation yard. (Id.). Plaintiff notified FNU Sergeant Perry that he needed urgently to use the bathroom to avoid having "an accident." (Id.). Sergeant Perry allegedly told Plaintiff to hold it for twenty more minutes, which apparently was the length of time remaining in the outdoor recreation schedule and refused to let Plaintiff inside to use the bathroom. (Id.). Unable to wait for the bathroom, Plaintiff defecated, soiling his clothing. (Id.). There were several people around Plaintiff when this happened, and Plaintiff was humiliated. (Id.). Plaintiff was unable to clean himself until outdoor recreation was over. (Id.). After the incident, FNU Lieutenant Sanchez called Plaintiff into

his office and allegedly threatened Plaintiff with a biohazard disciplinary report for not using the bathroom before he went outside for recreation. (Id.). Based on these allegations, Plaintiff claimed that Sergeant Perry and Lieutenant Sanchez were aware of, and remained deliberately indifferent to his situation, thus violating his Eighth Amendment right to be free from cruel and unusual punishment. (Id.).

By a Memorandum Opinion and Order entered May 14, 2024, the Court screened the Complaint under a liberal construction standard and determined it fails to state a cognizable claim. (Doc. 15) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's liberal construction of *pro se* pleadings). The Court set forth the substance of Eighth Amendment's prohibition against cruel and unusual punishment and the pleading standards governing § 1983 claims generally, and Eighth Amendment claims specifically. *See* (Doc. 15 at 3-4).

The Court canvassed the law governing claims related to the denial of access to toilet facilities and forced exposure to human waste, citing cases where such circumstances have and have not been held to violate the Eighth Amendment. *See* (Doc. 15 at 4-5). Considering the relevant precedent, the Court held that the allegations in the Complaint do not rise to the level of an objectively sufficiently serious deprivation of sanitary conditions to support an Eighth Amendment claim. (Doc. 15 at 5-6). Nor did the allegations satisfy the subjective component of an Eighth Amendment claim. (Doc. 15 at 6).

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days.  Plaintiff was warned that the failure to timely file an amended complaint will result in the dismissal of this case with prejudice.  The amendment deadline expired on June 13, 2024.

Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that James Mullins's Complaint filed August 21, 2023 (Doc. 2) is **DISMISSED** with prejudice. The Court will enter a separate judgment closing the civil case.

                                       /S/ KEA W. RIGGS
                             UNITED STATES DISTRICT JUDGE